IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Alan G. Nix, | ) | Civil Action No. 2:18-1352-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| McCabe Trotter & Beverly, P.C. and | ) | |
| Todd M. Musheff LLC, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 26) recommending that the Court grant Defendants' Motion to Dismiss (Dkt. No. 9). For the reasons set forth below, the Court adopts the R & R as the order of the Court.

I. **Background**

Plaintiff Alan G. Nix owns a home subject to the Churchill Park Homeowners' Association, Inc., ("Churchill") a homeowners' association ("HOA") that charges annual assessments pursuant to the HOA's covenants and restrictions ("CRs"). (Dkt. No. 1-1 at 5, 16, 59.) The HOA employs Defendant McCabe, Trotter & Beverly, P.C. ("MTB") to represent it in the collection of assessments. (*Id.* at 6) As of April 18, 2016, MTB sent a Verification of Debt letter to Plaintiff, stating that he owed $4,386.20 to the HOA, including $2,561.75 in attorneys' fees and costs. (Dkt. No. 1-1 at 61.) On May 4, 2017, Todd. M. Musheff ("Musheff"), whose law firm is named as a Defendant here,[1] appeared on behalf of MTB at a hearing in state court. (*Id.* at 12.) At that hearing, when asked by the judge, Mr. Musheff remarked that Plaintiff owed "$5,000, in that ballpark,"

---

[1] There are no allegations in the Complaint that Musheff's firm was involved in collecting the debts allegedly owed to Churchill, and instead the Complaint focuses on Musheff's actions on behalf of MTB. (*See* Dkt. No. 1-1 at ¶¶ 11 – 13.)

which included $2,561.75 in attorneys' fees and costs in addition to Plaintiff's allegedly unpaid assessments. (*Id.* at 3.)

In relevant part, the Churchill CRs state that

Late Charges: All assessments, shall accrue late charges, interest…costs, including, without limitation, *reasonable attorneys fees actually incurred*. The assessments and charges shall be a continuing lien upon the Lot against which each assessment is made, and shall also be the personal obligation of the person who was the Owner of such Lot at the time the assessment fell due.

(Dkt. No. 9 at 9) (emphasis added).[2] In the event an Owner fails to pay assessments due for ten days or longer, the CRs go on to state that "a lien shall attach" for "all assessments then due or which come due until the lien is cancelled of record, *and any other amounts provided in this Declaration* or permitted by law." (*Id.*) (emphasis added). After thirty days, the HOA may foreclose on the lien. (*Id.*)

Plaintiff alleges that Defendant violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, by attempting to collect attorneys' fees where his account at Churchill only showed "$2,209.08" owed, and also for stating that he owed "$5,000, in that ballpark," during a court hearing. (Dkt. No. 1-1 at 6 –7.) The Magistrate Judge recommended granting the motion to dismiss, and Plaintiff filed objections. (Dkt. Nos. 26, 30.)

---

[2] Defendants in their motion reference the CRs attached to the Complaint. However, the relevant CRs were attached to the Complaint in the parallel related matter filed by Plaintiff, *Nix v. McCabe Trotter & Beverly PC, et al.*, 2:18-cv-1360, Dkt. No. 1-1- at 46 – 49. Regardless, a federal court may take judicial notice of the contents of its own records on a motion to dismiss. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322, 127 S. Ct. 2499, 2509, 168 L. Ed. 2d 179 (2007) (when reviewing a motion to dismiss, courts may take into account "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."); *Stehney v. Ferguson*, No. CV 6:16-3955-TMC, 2017 WL 2982114, at *1 (D.S.C. July 13, 2017) ("the court may take judicial notice of its own records") *citing Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970).

## II. Legal Standard

### A. Motion to Dismiss

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits dismissal if the complaint fails "to state a claim upon which relief can be granted." Such a motion tests the legal sufficiency of the complaint and "does not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses.... Our inquiry then is limited to whether the allegations constitute 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (quotation marks and citation omitted). In a 12(b)(6) motion, the Court is obligated to "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). However, while the Court must accept the facts in a light most favorable to the non-moving party, it "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.*

To survive a motion to dismiss, the complaint must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although the requirement of plausibility does not impose a probability requirement at this stage, the complaint must show more than a "sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint has "facial plausibility" where the pleading "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### B. *Pro Se* Pleadings

This Court liberally construes complaints filed by *pro se* litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The requirement of liberal construction does not mean that the Court can ignore

a clear failure in the pleadings to allege facts which set forth a viable claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Social Services*, 901 F.2d 387 (4th Cir. 1990).

C.  **Report and Recommendation**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270 – 71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). In the absence of any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted).

Plaintiff filed objections (Dkt. No. 30), and therefore the R & R is reviewed *de novo*.

III. **Discussion**

To make out a claim under the FDCPA, a plaintiff must prove that:

(1) plaintiff has been the object of collection activity arising from consumer debt;

(2) defendant is a debt collector as defined by the FDCPA, and;

(3) defendant has engaged in an act or omission prohibited by the FDCPA

*See Chatman v. GC Servs., LP*, 57 F. Supp. 3d 560, 565 (D.S.C. 2014). In relevant part here, the FDCPA prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt," or from using "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C.A. § 1692(e); §1692(f). Courts must

review whether a communication is misleading through the lens of the least sophisticated consumer. *Russell v. Absolute Collection Servs., Inc.*, 763 F.3d 385, 394 – 95 (4th Cir. 2014). Debt collectors are also prohibited from engaging in conduct which would harass or abuse an individual in connection with collecting a debt. 15 U.S.C.A. § 1692(d).

Here, Defendants made no false, deceptive or misleading representations or used any unfair or unconscionable means in attempting to collect the unpaid assessments, interest, and attorneys' fees. As this Court has previously held, a party does not violate the FDCPA by seeking to collect attorneys' fees and costs permitted by covenants.[3] *See Fields v. Wilber Law Firm, P.C.*, 383 F.3d 562, 565 (7th Cir. 2004) ("when a debtor has contractually agreed to pay attorneys' fees and collection costs, a debt collector may, without a court's permission, state those fees and costs and include that amount in the dunning letter."). Therefore, as the Churchill CRs create a lien for "reasonable attorneys fees actually incurred," Defendants were permitted to seek to recover that amount as the attorneys' fees and costs were incurred.

Furthermore, Musheff's response at a court hearing that Plaintiff owed "$5,000, in that ballpark" did not violate the FDCPA. To begin with, Plaintiff had already received an itemized Verification of Debt letter explaining in detail the breakdown of the $4,386.20 allegedly owed. (Dkt. No. 1-1 at 61.) Furthermore, Musheff made it clear that this was an estimate, stating that it was "$5,000, *in that ballpark.*" (*Id.* at 14) (emphasis added). Such a statement, where the debt collector clearly explained that the cited total is an estimate, does not violate the FDCPA. *See Elyazidi v. SunTrust Bank*, 780 F.3d 227, 234 (4th Cir. 2015) ("where the debt collector sought no more than applicable law allowed and explained via affidavit that the figure was merely an estimate

---

[3] This issue was discussed at length in the Court's order in *Allison v. McCabe Trotter & Beverly, P.C.*, No. 2:17-CV-1727-RMG, 2018 WL 3826674, at *3 (D.S.C. Aug. 10, 2018).

of an amount counsel expected to earn in the course of the litigation, the representations cannot be considered misleading under [the FDCPA]"). *Cf. McLaughlin v. Phelan Hallinan & Schmieg, LLP*, 756 F.3d 240, 246 (3d Cir. 2014) (finding FDCPA violation for letters that contained "estimates of the amount owed" because "[i]f [the defendant] wanted to convey that the amounts in the Letter were estimates, then it could have said so."). The statement further did not harass or abuse Plaintiff, and instead was in response to a judge's question regarding the amount of debt at issue. Therefore, Musheff's statement that Plaintiff owed "$5,000, in that ballpark" did not violate the FDCPA.[4]

Plaintiff also filed a motion to consolidate cases[5] and amend his complaint on September 7, 2018, after the Magistrate Judge already issued the R & R. (Dkt. No. 28.) The Plaintiff failed to include a proposed amended complaint or explain which new claims or new defendants he sought to add. Furthermore, Plaintiff waited until after the Magistrate already issued the R & R to file his motion to amend. While Rule 15 states that leave to amend should be "freely given when justice so requires," a district court may deny the leave for reasons "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc." *Glaser v. Enzo Biochem, Inc.*, 464 F.3d 474, 480 (4th Cir. 2006). Here, where Plaintiff waited till after the Magistrate Judge ruled on the motion to

---

[4] Plaintiff also makes extensive objections to abbreviations and other uncontroverted statements used in the R & R. The Magistrate used the phrase "Churchill Park" as an abbreviation for the HOA, the Churchill Park Homeowners' Association, Inc. Furthermore, Plaintiff seems to ignore the distinction between the HOA, which pursued the foreclosure action, and the name of the neighborhood the development in which he lives. Finally, Plaintiff objects repeatedly that there is no evidence that Churchill is a homeowners' association. However, Plaintiff admits as such in his Complaint. (Dkt. No. 1-1- at ¶18.)

[5] Plaintiff sought to consolidate this case with the parallel and related pending action, *Nix v. McCabe Trotter & Beverly PC, et al.*, 2:18-cv-1360.

dismiss, and Plaintiff seemingly seeks an amendment to relitigate issues already raised and disposed of in state court, Plaintiff's motion to consolidate and amend is denied.

Finally, the Magistrate Judge correctly held that any attempt by the Plaintiff to relitigate or "appeal" his state foreclosure action in this Court is barred by res judicata, collateral estoppel and the *Rooker-Feldman* doctrine. (Dkt. No. 26 at 8 – 12.) To the extent the state action is still pending, the Court must abstain from interfering with its ongoing proceedings. (*Id.* at 12 – 13.)

**IV.    Conclusion**

For the foregoing reasons, the R & R of the Magistrate Judge (Dkt. No. 26) is **ADOPTED** as the order of the Court the Court **GRANTS** Defendant's Motion to Dismiss (Dkt. No. 9), and **DENIES** Plaintiff's Motion to Consolidate and Amend (Dkt. No. 28).

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

October 23, 2018
Charleston, South Carolina